UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ITW FOOD EQUIPMENT GROUP
LLC d/b/a HOBART,

        Plaintiff,

v.

        File No. 1:12-CV-119

        HON. ROBERT HOLMES BELL

DONALD L. WALKER,

        Defendant.
                                      /

**O P I N I O N**

This matter is before the Court on Plaintiff ITW Food Equipment Group's ("Hobart") motion to dismiss Defendant Donald L. Walker's first amended counterclaim. (Dkt. No. 16.) On February 7, 2012, Hobart brought suit against Walker alleging breach of contract, tortious interference with business relationships, and misappropriation of trade secrets. (Dkt. No. 1, Compl.) On March 19, 2012, Walker answered the complaint and filed a counterclaim against Hobart for violation of the Michigan Franchise Investment Law ("MFIL"). (Dkt. No. 6.) Hobart responded with a motion to dismiss this counterclaim. (Dkt. No. 8.) On May 1, 2012, Walker filed a first amended counterclaim (Dkt. No. 12), which Hobart moved to dismiss on May 15, 2012 (Dkt. No. 16). For the reasons that follow, this motion will be granted.

**I.**

Hobart is in the business of manufacturing, installing, repairing, and maintaining equipment for food-service and food retail industries. (Dkt. No. 1, Compl. ¶ 3.) Hobart has a network of entities around the country that it uses to sell parts and provide installation, maintenance, and repair service to customers, although the parties disagree as to whether these parties are independent contractors or franchisees. (Dkt. No. 1, ¶ 4; Dkt. No. 5, Answer ¶ 4.) In 2011, Hobart and Walker entered into a Service Contractor Agreement for certain parts sales and services in the Michigan counties of Clinton, Eaton, Ingram, Jackson, and Shiawassee. (Dkt. No. 1, ¶¶ 5-6; Dkt. No. 5, ¶¶ 5-6.) This contract states that Walker agreed to act as an "independent contractor" of Hobart and not a franchisee. (Dkt. No. 1, Ex. A, Contract § E.1.) In addition, the contract states in bold, capital letters that the agreement will be governed solely by the law of Ohio. (*Id.* at § E.8.)

**II.**

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert "failure to state a claim upon which relief can be granted" as an affirmative defense. "[T]o survive a motion to dismiss [under 12(b)(6)], the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted). In reviewing such a motion, the Court must "accept all of plaintiff's factual allegations as true." *G.M. Eng'rs and Assoc., Inc. v. W. Bloomfield*

2

*Twp.*, 922 F.2d 328, 330 (6th Cir. 1990). As a general rule, however, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent*, 583 F.3d at 903.

According to the Supreme Court, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 545 (2007) (internal quotations omitted). While detailed factual allegations are not required, the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

### III.

Walker's first amended counterclaim alleges that Hobart violated numerous provisions of the MFIL through its actions, including its failure to repurchase Walker's inventory and its alleged misrepresentations in the contract that the parties were only entering into an independent contractor arrangement and that this arrangement would be governed by Ohio law. (Dkt. No. 12, ¶ 21 (citing Mich. Comp. Laws §§ 445.1501-445.1546).) Walker has

3

pleaded sufficient facts establishing a plausible violation of the MFIL. However, Hobart has raised the issue of whether Michigan law even applies.

Choice of law is a "threshold issue" a district court must determine when analyzing whether a cognizable claim is stated for the purposes of 12(b)(6). *Southeast Tex. Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 672 (6th Cir. 2006). Walker has pleaded facts supporting the connection of the contract to Michigan. (*See* Dkt. No. 12, ¶¶ 7-8, 10.) However, there is also a connection to Ohio. Hobart is a domiciliary of Ohio and the contract has an explicit choice of law provision: "THIS AGREEMENT SHALL BE GOVERNED BY THE INTERNAL LAWS OF THE STATE OF OHIO AS A CONTRACT ENTERED INTO AND PERFORMED IN THE STATE OF OHIO." (Dkt. No. 1, Ex. A, § E.8.)

"It is a well-accepted principle that a federal court in a diversity case must apply the conflict of law rules of the state in which it sits." *Banek Inc. v. Yogurt Ventures USA, Inc.*, 6 F.3d 357, 361 (6th Cir. 1993) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 490 (1941)). Michigan has adopted the approach in 1 Restatement (Second) of Conflict of Laws § 187 (1971), which provides that a contractual choice of law provision will govern unless:

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Thus, it must be determined whether Ohio has a substantial relationship to the parties or whether application of Ohio law would be contrary to the fundamental policy of Michigan.

Walker does not dispute that Ohio has a substantial relationship to the parties, and the Court agrees with this assessment. Instead, Walker relies on the second alternative. First, he asserts that under the terms of the MFIL, parties cannot contract away the statute's protection. This is incorrect:

> The Michigan legislature was specific enough to include forum selection provisions in the list of void provisions, but did not specify choice of law provisions. . . . [L]itigating in Michigan does not require that Michigan law must govern the dispute. The statute does not expressly void choice of law provisions, and we decline to imply such a prohibition.

*Banek*, 6 F.3d at 360 (citing Mich. Comp. Laws § 445.1527). Alternatively, Walker argues that application of Ohio law is contrary to Michigan's public policy. However, even if true, that alone is insufficient to resolve the choice of law issue. *Banek*, 6 F.3d at 362 ("While we agree with plaintiff that the comprehensive and paternalistic franchise investment law represents Michigan public policy, that does not end the inquiry.") Instead, the key issue is whether there is "a substantial erosion of the quality of protection that the MFIL would otherwise provide." *Id.* This erosion can be shown by "significant differences in the application of the law of the two states." *Tele-Save Merch. Co. v. Consumers Distrib. Co.*, 814 F.2d 1120, 1123 (6th Cir. 1987).

Walker has failed to argue that such significant differences exist. Ohio also has a statute that governs franchises, the Business Opportunity Protection Act ("BOPA"). The

5

only difference Walker points out is that under the MFIL, a contract provision is void if it permits a franchisor, absent six month notice, to refuse to renew a franchise without fairly compensating the franchisee through the repurchasing of inventory. Mich. Comp. Laws § 445.1527(d). In contrast, under the BOPA, a franchisor may decide the conditions under which a franchise may be terminated or renewed. Ohio Rev. Code § 1334.02(B)(1)(h). While these two provisions are different, Walker fails to show that this difference is significant. He merely points out the difference and then concludes that the section of the MFIL he cites must be the fundamental policy of Michigan: "[a]s such, applying Ohio law rather than Michigan law violates Michigan's fundamental public policy and results in a substantial loss of protection provided by the MFIL to Walker." (Dkt. No. 17, at 10.)

"The fact, however, that a different result might be achieved if the law of the chosen forum is applied does not suffice to show that the foreign law is repugnant to a fundamental policy of the forum state." *Johnson v. Ventra Group, Inc.*, 191 F.3d 732, 740 (6th Cir. 1999). Analyzing the relevant case law, the Court does not find that applying Ohio law would be contrary to Michigan's fundamental public policy. The one case Walker relies upon for support for his conclusion that this minor difference is significant is *Martino v. Cottman Transmission Sys., Inc.*, 554 N.W.2d 17, 20 (Mich. Ct. App. 1996), a state court decision based on distinguishable facts.[1]

---

[1]Walker does cite to a few other cases in his brief. However, he cites these cases only for the proposition that some courts have chosen to apply the MFIL over a choice of law provision. (Dkt. No. 17, at 9.) None of these cases establish that the MFIL should apply in this case. In
(continued...)

*Martino* involved a much broader protection under the MFIL than the six month notice of termination requirement Walker has noted as different. *Martino* regarded the MFIL's complete ban on any contract creating a franchise agreement that was not preceded by a disclosure to the franchisee of *every* type of contract provision listed as unenforceable and void in Mich. Comp. Laws § 445.1527:

> A franchise shall not be sold in this state without first providing to the prospective franchisee, at least 10 business days before the execution by the prospective franchisee of any binding franchise or other agreement . . . the notice described in subsection (3) . . . . "The state of Michigan prohibits certain unfair provisions that are sometimes in franchise documents. If any of the following provisions are in these franchise documents, the provisions are void and cannot be enforced against you."

Mich. Comp. Laws § 445.1508(1),(3). This provision goes to the very heart of the MFIL because it "makes one or more contracts illegal" and "is designed to protect a person against the oppressive use of superior bargaining power," both of which the Restatement provides as considerations as to whether a policy is fundamental. *Martino*, 554 N.W.2d at 61 (citing 1 Restatement (Second) of Conflict of Laws § 187, cmt. g (1971)).

In contrast, the section of the MFIL Walker points out as different under Ohio law is one that makes a *provision* of a contract void, not the entire contract. Moreover, Walker has

---

[1](...continued)
*Boeve v. Nationwide Mutual Insurance*, No. 08-CV-12213, 2008 WL 3915011 (E.D. Mich. Aug. 20, 2008), there was no choice of law provision in the contractor's agreement which gave rise to the franchise claim. In *Buist v. Digital Message Systems Corp.*, No. 229256, 2002 WL 31957703 (Mich. Ct. App. Dec. 27, 2002), the court found numerous examples illustrating that the "minimal protections" of Florida's franchise law did not approach the protection offered by the MFIL.

failed to show that the section he cited was designed to protect against the oppressive use of superior bargaining power. Pointing out one small difference between the MFIL and the BOPA and then relying on a state court decision involving a completely different section of the MFIL, is insufficient to show that a contracted-for Ohio choice of law provision should not be enforced. This is especially true because Walker alleges seven separate violations of the MFIL, and the difference in law Walker has noted only affects one of them. (*See* Dkt. No. 12, ¶ 21.) Considering the similarities between the two laws and the minor nature of the one difference Walker has pointed out, the Court concludes that Ohio law is not contrary to Michigan's fundamental policy in this instance and thus applies.

## IV.

To make out a claim upon which relief can be granted, a claimant must plead sufficient facts, which accepted as true, establish a plausible claim to relief. While Walker has pleaded sufficient facts to demonstrate a violation of the MFIL, Michigan law does not apply. There was an explicit choice of law clause in the contract between the parties, and the franchise laws in Ohio and Michigan lack significant differences. Consequently, Walker's first amended counterclaim will be dismissed.

An order will be entered consistent with this opinion.

Dated: October 15, 2012                     /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE